```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
     v.                       )   CRIMINAL NO. 04-10008-MLW
                              )
MARIO CONTRERAS-PALACIOS      )
```

DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the defendant requests the Court to include the attached instructions in its charge to the jury. Defendant reserves the right to supplement these instructions as the case develops during trial.

```
                         MARIO CONTRERAS-PALACIOS
                         By his attorney,


                         /s/ Leo T. Sorokin
                         Leo T. Sorokin
                           B.B.O. # 559702
                         Federal Defender Office
                         408 Atlantic Avenue, 3rd Floor
                         Boston, MA  02110
                         Tel: 617-223-8061
```

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

Law Enforcement Witnesses

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, at ¶7.01 (Instruction No. 7-16)

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

Presumption of Innocence

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent.  The presumption is not a mere formality.  It is a matter of the most important substance.

An indictment is nothing more than an accusation.  It is not evidence.  All it does is bring the charges before you, the jury, for your consideration and determination.  You are not to consider the fact that an indictment has been brought as bearing in any way on the guilt or non-guilt of the defendant.  A defendant, although accused, begins the trial with a clean slate, with no evidence against him.  And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant.

So the presumption of innocence alone is sufficient to acquit Mr. Contreras-Palacios unless you are satisfied beyond a reasonable doubt of his guilt after a careful and impartial consideration of all the evidence in the case.

The presumption of innocence means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the

crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Contreras-Palacios has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged. .

As I have said, the burden is upon the government to prove beyond a reasonable doubt that Mr. Contreras-Palacios is guilty of the charge made against him. It is a strict and heavy burden, but it does not mean that his guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning his guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence or because you do not accept the evidence that was offered. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions - one that the defendant is guilty as charged, the other that the defendant is not guilty - you will find Mr. Contreras-Palacios not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond a reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

I instruct you that what the government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant you will return a verdict of guilty on that charge.  If you think there is a reasonable doubt about whether Mr. Contreras-Palacios is guilty of a particular offense, you must give him the benefit of the doubt and find him not guilty of that offense.

Adapted from: First Circuit Pattern Instruction 3.02; *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997)(approving charge given by Judge Keeton); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth Ed., vol.1A, §12.10

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

(If Defendant Declines to Testify)


Defendant's Decision Not to Testify

Under our constitution, the defendant has an absolute right not to testify.  Mr. Contreras-Palacios has exercised that right here.  You may not infer that the fact that he did not testify involves questions of his innocence or guilt.  There are many legitimate reasons why a defendant may not testify. You may not speculate about why he did not take the stand or even discuss the fact that he did not testify.  For you to draw an inference of guilt or of anything else would be wrong; indeed it would violate your oath as a juror.  I have told you why he did not testify; he has exercised his lawful right.

Adapted from: First Circuit Pattern Instruction 3.03

Case 1:04-cr-10008-MLW     Document 29     Filed 12/22/2004     Page 7 of 7