UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10008-MLW |
| ) | |
| ) | |
| MARIO RUDOLFO CONTRERAS- ) | |
| PALACIOS ) | |
| a/k/a Oscar Rawley ) | |
| ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby submits its response to defendant's "Trial Brief and Motion In Limine," submitted to this Court on December 27, 2004.

The defendant seeks to exclude Government's Proposed Exhibit 3 from being offered into evidence at trial. At this time, the government no longer believes that introduction of this particular document is essential to its presentation of the case and, therefore, withdraws it as a proposed exhibit (Exhibit 3).

The defendant further seeks to exclude Government's Proposed Exhibit 9. Again, the government no longer believes that introduction of this particular document is essential to its presentation of the case, and therefore, withdraws it as a proposed exhibit (Exhibit 9).

The defendant additionally seeks to exclude Government's Proposed Exhibit 23 (certified copy of a prior conviction on the same charge) on the grounds that "putting before the jury certified proof of defendant's conviction on the very charge at issue in this trial encroaches upon the jury's Constitutional role" on the pending charge.

The purpose of this Proposed Exhibit is simply to provide additional evidence as to one element of the present charge: alienage (the weight of which could well be considered by the jury and questioned by the defendant). Should the Court allow a certified copy of this prior conviction on the same charge, the Court could instruct the jury that said conviction should only be read as indicating that the defendant was found to have been an alien at the time of his previous conviction.

The government is not attempting to prevent the defendant from challenging the evidence which it will present as to the defendant's alien status (in *Hernandez-Uribe v. United States*, 515 F.2d 20, 21-22 (8th Cir. 1975), a prior conviction was used to collaterally estop the defendant from challenging his alien status in the current matter). Rather, the government here is merely trying to present certain additional evidence indicating that the defendant has been an alien and which evidence may add weight to the current charge that he remains an alien (*United States v. Bejar-Metrecios,* 618 F.2d 81, 84 (9th Cir. 1980) where a prior conviction was allowed to conclusively establish the defendant's alien status at the time of the conviction on that charge).

The government believes that the certified prior conviction should be allowed by the Court and that, if the Court should deem it appropriate to so allow, a limiting instruction issued

by the Court to the jury could properly and effectively address the concerns raised by the defendant's Motion with regard to Proposed Exhibit 23.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:   /s/ Paul R. Moore
       Paul R. Moore
       Assistant U.S. Attorney

Dated: January 4, 2005

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served by hand upon the attorney for defendant Mario Rudolfo Contreras-Palacios, Leo Sorokin, Esq., on January 4, 2005.

                /s/ Paul R. Moore
                Paul R. Moore
                Assistant U.S. Attorney