UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 04-10008-MLW |
| ) | |
| MARIO RUDOLFO CONTRERAS- ) | |
|     PALACIOS ) | |
| a/k/a Oscar Rawley ) | |

GOVERNMENT'S POSITION ON SENTENCING[1]

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby submits its position on the appropriate sentence for the defendant, taking into consideration the defendant's "Sentencing Memorandum of Mario Contreras-Palacios."

Government's Recommendation

The government respectfully recommends to the court that it impose the following sentence (through the application of the advisory United States Sentencing Guidelines):

1. Ninety-six months of imprisonment (upper end of the guideline range).
2. Three years of supervised release (with the special condition that the defendant not return to the United States without the express consent of the Secretary of the Department of Homeland Security and the other conditions typically imposed by the court)
3. A fine at the low-end of the guideline range ($10,000), unless the court determines that the defendant is unable to pay a fine.
4. Payment of the mandatory special assessment of $100.

---

[1] Defendant's Memorandum was filed on September 12, 2005 and was received by the undersigned on Sept. 13, 2005. Defendant's counsel has informed the undersigned that she is unlikely to file an additional position on sentencing (although the court has allowed that she may do so). Therefore, this statement of the government's position on sentencing is likely to be the governments only statement of its positions filed with the court.

<u>Defendant's Recommendation</u>

The defendant takes the following positions in his Memorandum:

1. That two years is the applicable statutory maximum penalty.
2. That he should receive a downward departure because of the role his mental illness played in the offense conduct.
3. That he should receive a downward departure because his criminal history category over-represents the seriousness of his criminal history.
4. 18 U.S.C. § 3553(a) considerations should result in a lower sentence.

<u>Government's Rationale in Support of its Recommendation</u>

As a preliminary matter, the government has no objections to the PreSentence Report ("PSR").

The PSR verifies the government's view that the defendant is a person who has been down this particular road on multiple previous occasions (see PSR, paragraphs 10, 11, 12, 29, 30, 32, 63 and 64). In fact, there were other occasions when the defendant was deported without being criminally charged with illegal re-entry (see PSR, paragraph 10, 11, 12).

In addition, the defendant's criminal record reveals crimes which were inherently violent and others which appear likely to have involved acts of physical intimidation (see PSR, paragraphs 31, 34, 46, 50, 52, 53, 56 and 57). In addition, the defendant has a criminal history which involves possession and/or distribution of illicit drugs (see PSR, paragraphs 36, 39, 40, and 48).

Mr. Contreras-Palacios has a considerable and varied criminal history in the United States and has consistently displayed a high disregard for its laws, despite the demonstrated knowledge that he was not lawfully in the United States (see PSR, paragraphs 61 through 64). Despite the inescapable knowledge that he was both in the United States unlawfully and that it

was the view of the government of the United States that he was in the United States unlawfully, he continued to demonstrate a complete lack of regard for the laws of the United States by continuing to flagrantly and repeatedly violate those laws up to the time of the present offense conduct.

The defendant has refused to be interviewed by the Probation Officer in the current matter. He has asserted mental illness, but refused a mental health evaluation. He asserts that he is financially indigent, but has refused the means through which this might be verified by the Probation Officer.

From the government's point of view, there is no basis for leniency in this matter and the facts of the case put it well within the heartland of comparable matters. As a result, the government views imposition of a sentence at the upper-end of the guideline range (with regard to the period of imprisonment) as being entirely reasonable and appropriate.

Government's Views on Defendant's Assertions

Regarding the appropriate statutory maximum penalty, the government asserts the following: as reflected in the charging document, the defendant was notified that the government considered that subsection (b) effectively provided for the appropriate statutory maximum penalty in the current matter[2] (see PSR, paragraph 3). In addition, the government has consistently stated that the maximum penalty included up to twenty years of imprisonment (initial appearance and arraignment). There can, therefore, be no question but that the defendant has had notice that he was subject to the maximum penalty described in subsection (b). The Court, in *Almendarez-Torres v. United States,* 523 U.S. 224 (1998), clearly held that subsection

---

[2] Count One of the Indictment specifically states the following: "All in violation of Title 8, United States Code, Sections 1326(a) and (b) and Title 6, United States Code, Section 202(3) and (4) and Section 557.

(b)(2) was merely a penalty provision which authorized sentencing courts to increase the sentence rather than being an additional element to be proven by the government. *Id*. at 226-227.

With regard to the defendant's assertion that he was not convicted of anything except the offense contained within Title 8, United States Code, Section 1326, the government is not in agreement. He was convicted of other offenses <u>on other occasions</u>, as has been outlined in the PSR. Those prior offenses, in effect, increase the statutory maximum under subsection (b)(2) and need not be proven as additional elements in the matter at hand, as they have already been proven beyond a reasonable doubt (or agreed to by the defendant at Rule 11 hearings) and represent standing convictions. *Id*. at 226-227. Unless Mr. Contreras-Palacios can successfully undermine one of his previous offenses which then brings subsection (b) into play, the government believes that the penalty section applies in this matter. To the knowledge of the government, he has not done so.

With regard to the defendant's motion for a downward departure based on mental illness (this particular motion being made by the defendant **ONLY** if the court rejects the defendant's assertion that the appropriate statutory maximum penalty is two years of imprisonment), the government believes that the alleged mental illness has not been sufficiently demonstrated (particularly given the defendant's refusal to submit to a mental health evaluation). Nor has the correlation between the mental health condition (should it be found to exist) and the offense conduct been demonstrated. The defendant cites U.S.S.G. § 5K2.0(a)(4) as the basis for this Motion, although the stated paranoia and alleged "voices" (see defendant's Motion at p. 9, paragraph 2) have not been demonstrated to be present to an <u>exceptional degree</u>, as required by

that guideline provision. Even if these conditions are presumed to exist based on the good faith representation of his counsel, they have not been demonstrated to meet that "exceptional degree" as required by the guideline provision.[3] Particularly given the defendant's refusal to submit to a mental health evaluation, this "exceptional degree" has not been demonstrated.

The defendant further asserts that a downward departure is warranted under U.S.S.G. § 4A1.3 because his criminal history significantly over-represents the seriousness of his criminal history. The government does not deny that in the mix of the defendant's rather lengthy criminal history are to be found what may possibly be one or two relatively minor offenses of conviction (in appearance). Nonetheless, that criminal history - even without the offenses cited by the defendant as minor offenses - is substantial and worthy of the criminal history category found to be applicable by the Probation Office.

With regard to the defendant's arguments for a lesser sentence under Title 18, United States Code, Section 3553(a), the government believes that the by applying the a sentence found within the guideline range, the nature of the offense will be given appropriate consideration (a violent act is not an element of the offense), the defendant's history and characteristics justify the guideline sentencing range, a sentence within that range is needed to protect the public from further crimes of the defendant and reflect the seriousness of the offense and the need to promote respect for the law and to provide just punishment for this offense.

It is, of course, the defendant's right to go to trial and to refuse to plead guilty to a charged offense. In this case, however, the defendant had been convicted on multiple prior occasions (in other federal courts) of the same offense. He had been deported on even more

---

[3]U.S.S.G. § 5K2.0(a)(4) states, in relevant part, that "...whether a departure is warranted may be relevant to this determination only if such offender characteristic or other circumstance is present to an exceptional degree."

occasions, as reflected in the Alien File. Such a refusal to indicate acceptance of responsibility, despite the previous deportations and convictions on the same offense, indicate that this defendant fails to appreciate the seriousness of this offense. Certainly, it is hard to conjure up an image of the defendant having attained any respect for this particular law - or many others of the United States and the various states in which he has racked up criminal histories under one identity or another.

Given his record, it should fully be anticipated that he may again re-enter the United States (without permission to lawfully do so) following any sentence imposed in this matter. Therefore, the need to protect the public from further such crimes of this defendant is particularly heightened as he has repeatedly demonstrated a lack of regard for the laws of the United States and the individual states.

## CONCLUSION

In summary, the government believes that application of the advisory guideline range is warranted and reasonable and that the defendant has not demonstrated a basis for any of the grounds for a sentence below the guideline range upon which this court can or should rely and that his Motion for such reductions and/or departures should be denied by this court.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Paul R. Moore
      Paul R. Moore
      Assistant U.S. Attorney

Dated: Sept. 23, 2005

CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney for defendant Mario Rudolfo Contreras-Palacios, Page Kelley, Esq., on September 23, 2005, via deposit in the box of the Federal Public Defender (at the U.S. Attorney's Office).

      /s/ Paul R. Moore
      Paul R. Moore
      Assistant U.S. Attorney